NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 05a0165n.06
Filed: March 3, 2005

No. 03-6493

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| DAVID WILLIAMS, | ) | WESTERN DISTRICT OF TENNESSEE |
| | ) | |
| Defendant-Appellant. | ) | |

Before: RYAN and COOK, Circuit Judges; BELL, District Judge.[*]

COOK, Circuit Judge. David Williams appeals the district court's denial of a downward

sentencing departure for an "extraordinary physical impairment" under United States Sentencing

Guidelines § 5H1.4. In light of the Supreme Court's decision in *United States v. Booker*, 125 S. Ct.

738 (2005), we vacate Williams's sentence and remand for resentencing.

I

Williams pleaded guilty to possessing false federal identification documents. At sentencing,

Williams objected to the Presentence Investigation Report, arguing he should receive a § 5H1.4

_____

[*]The Honorable Robert Holmes Bell, United States District Judge for the Western District
of Michigan, sitting by designation.

"downward departure"—the option of home detention —because he suffered from numerous health problems, thus making home detention less costly and more efficient than incarceration in a Bureau of Prisons medical center.[1]

The district court denied Williams's departure request, comparing Williams to two other defendants who received departures under § 5H1.4 and deciding that though Williams suffered from serious ailments, his health problems were less severe than those of the other two and thus did not constitute an extraordinary physical impairment under § 5H1.4. The court also considered whether Williams's ailments were so severe as to prevent him from engaging in criminal conduct and determined they were not; this too, it found, demonstrated that his physical condition did not rise to the level required for a § 5H1.4 departure.

The district court sentenced Williams before the Supreme Court rendered its decisions in *Blakely v. Washington*, 124 S. Ct. 2531 (2004) and *United States v. Booker*, 125 S. Ct. 738 (2005). When the Supreme Court decided *Blakely*, Williams moved this court to vacate his sentence and remand for resentencing, arguing that *Blakely* implicitly rendered the Guidelines advisory. We denied the motion in light of our decision in *United States v. Koch*, 383 F.3d 436 (6th Cir. 2004) (en banc). Then, when the Supreme Court issued its decision in *Booker*, Williams again moved this court to vacate his sentence and remand for resentencing.

---

[1]Section 5H1.4 provides "[A]n extraordinary physical impairment may be a reason to depart downward; e.g., in the case of a seriously infirm defendant, home detention may be as efficient as, and less costly than, imprisonment."

II

On appeal, Williams primarily contends that the district court incorrectly applied § 5H1.4 because it created a new "requirement" that, to warrant a § 5H1.4 departure, a defendant's physical condition must prevent him from engaging in criminal behavior. We need not address this argument, however, because we believe the Supreme Court's recent decision in *Booker* requires us to vacate Williams's sentence.

In a motion to this court and at oral argument, Williams requested remand for resentencing in light of *Booker*. Acknowledging the absence of a Sixth Amendment violation in his sentencing, Williams seeks sentencing relief premised only on the ground that the altered regime post-*Booker* warrants reconsideration by the sentencing judge.

This court in *United States v. Barnett* recently held, under circumstances materially indistinguishable from those here (including plain-error review), that a defendant meets the first, second, and fourth prongs of the plain-error test when sentenced under mandatory Guidelines. *See United States v. Barnett*, ___ F.3d ___, 2005 WL 357015, at *8, 12 (6th Cir. 2005). As regards the third prong, *Barnett* requires panels of this circuit to presume prejudice unless record evidence exists to rebut the presumption. *Barnett*, 2005 WL 357015, at *12.

A review of the sentencing-hearing transcript shows the district court here struggled with the decision to commit Williams to a prison setting instead of home confinement. The court called this a "fairly close case" and recognized that Williams suffers from "a very significant physical

impairment." The court, however, concluded that the Guidelines contemplated "something more" for § 5H1.4 relief and thus denied the departure. The record lacks "clear and specific evidence" demonstrating that the district court would *not* have granted the departure under advisory Guidelines.

## III

Williams's case meets the *Barnett* standard for exercising our discretion to notice the error. We vacate his sentence and remand to the district court for resentencing under the new rubric established by *Booker*.